UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Docket No. 08 MJ 1025 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| Jose LOPEZ-Panagua, | Title 8, U.S.C., Section 1326 Deported Alien Found in the United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **April 2, 2008** within the Southern District of California, defendant, **Jose LOPEZ-Panagua,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **3rd** DAY OF **APRIL 2008.**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Jose LOPEZ-Panagua

# PROBABLE CAUSE STATEMENT

On April 2, 2008, Border Patrol Agent R. Navarro was performing line watch duties, in Campos area of responsibility. Agent Navarro was working in an area located 18 miles east of the Tecate, California Port of Entry and approximately two miles north of the U.S./Mexico International Boundary. Agent Navarro responded to a citizen report of three possible undocumented aliens. Upon arrival in the area, Agent Navarro found three individuals attempting to conceal themselves in the surrounding brush. One of the individuals was later identified as the defendant **Jose LOPEZ-Panagua**.

Agent Navarro immediately identified himself as a United States Border Patrol Agent and then performed an immigration inspection. All subjects including the defendant readily admitted to having entered the United States illegally without any immigration documents that would allow them to enter or remain in the United States legally. All subjects also admitted to being natives and citizens of Mexico. At approximately 8:05 a.m., all three subjects were arrested and transported to the Campo Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **March 25, 2008** through **Calexico, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.